IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Zantwan D. Worthy, | ) |
|                 Petitioner, | ) Civil Action No. 8:09-230-GRA-BHH |
| v. | ) **REPORT AND RECOMMENDATION** |
| Darlene Drew, Warden | ) **OF MAGISTRATE JUDGE** |
| FCI-Bennettsville, | ) |
|                 Respondent. | ) |

The petitioner, a federal prisoner, has filed this habeas action pursuant to Title 28, United States Code, Section 2241. This matter is before the Court on the respondent's motion for summary judgment. (Docket # 13.)[1]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on January 27, 2009.[2] On May 4, 2009, the respondent filed a motion for summary judgment. By order filed May 6, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised

---

[1]The respondent filed a motion to deny habeas. Accompanying the motion, the respondent also filed an answer and return in which the respondent argues that the petitioner has failed to state a claim upon which relief can be granted. In the answer and return, the respondent included matters outside the pleadings for the court's consideration. Accordingly, the undersigned construes both documents collectively as a motion for summary judgment. Fed.R.Civ.P. 12(d).

[2]There is not a prison mailroom stamp on the envelope containing the petition. *Houston v. Lack*, 487 U.S. 266 (1988)(holding document considered filed upon delivery to prison officials for forwarding to court). (Pet. Attach.) Therefore, the undersigned is using the postmark date as the filing date.

of the summary judgment dismissal procedure and the possible consequences if he failed to respond to the motion. On May 19, 2009, the petitioner filed a response opposing the respondent's summary judgment motion.

**FACTS**

The petitioner is currently incarcerated at the Federal Correctional Institution in Bennettsville ("FCI-Bennettsville"). On April 23, 2008, while the petitioner was incarcerated at the FCI in Williamsburg ("FCI-Williamsburg"), he was charged with threatening another person with bodily harm.

On April 15, 2008, Tyrann Snipes arrived at FCI-Williamsburg. On April 16, 2008, during a program review, the petitioner acknowledged that he had a problem with Inmate Snipes because Snipes was the one who had "set him up." However, the petitioner states that he also told the case manager, K. Jones, that he was "cool" with Inmate Snipes and there would not be any problems. (Pet'r's Mem. Opp. Summ. J. Mot. at 2.)

In an incident report filed on April 23, 2008, Jones stated that during the program review on April 16th, the petitioner had stated that he did not feel comfortable with Inmate Snipes on the compound because Inmate Snipes was the one who had "caused [him] to get this time." (Resp.'s Mem. Supp. Summ. J. Mot. Ex. .) Jones then reported that the petitioner stated that he was "cool with [Inmate Snipes] on the compound for now, but if [he] ever had a bad day, [he] may have to take it out on [Inmate Snipes]." *Id.*

Jones also reported that she had contacted the Assistant United States Attorney ("AUSA") who had prosecuted the petitioner to determine if Inmate Snipes had testified

2

against the petitioner. On April 23, 2008, after Jones received an email response from the AUSA stating that the petitioner needed to be kept separate from Inmate Snipes to prevent any retaliation, the petitioner was placed in segregation based on the statement he had previously made regarding Inmate Snipes.

Also, on April 23, 2008, the petitioner was charged with threatening another with bodily harm. On April 25, 2008, the petitioner was given notice of the disciplinary charge. The petitioner did not request a staff representative, but he did request that he be allowed to call Inmate Snipes to testify as a witness. Also, on April 25th, the petitioner received a copy of the notice of his rights regarding the disciplinary proceeding.

On May 2, 2008, a disciplinary hearing was held before a Disciplinary Hearing Officer ("DHO"). The petitioner was present at the hearing and made a statement which was summarized in the DHO's hearing report as follows:

> He was the one who set me up. I'm the reason I'm in prison. I shouldn't have been doing it in the first place. I never said that statement at all. I wanted to tell Ms. Jones in confidence, for help on this problem. He might be a threat to me. I'm not a threat period. However, if he thinks I might be a threat to him, he might do something to me.

Inmate Snipes testified, "We ain't got no problems on the compound. You know people are just talking. We are straight."

The DHO found the petitioner guilty as charged and imposed the following sanctions: ten days of disciplinary segregation; the disallowance of twenty-seven days of Good Conduct Time ("GCT"), and the loss of visitor and commissary privileges for ninety days. The petitioner appealed the DHO's decision to the Southeast Regional Director, who

upheld the disciplinary actions and sanctions. The petitioner then appealed to the Central Office and the disciplinary conviction was again upheld.

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

4

U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The petitioner alleges his due process rights were violated during his disciplinary proceedings and he is seeking an expungement. Specifically, the petitioner alleges that his due process rights were violated because he was not charged within twenty-four hours of the incident; the same staff member, Jones, was both the reporting and investigating officer; and the evidence which the DHO relied upon in finding the petitioner guilty was insufficient and he is actually innocent. The respondent contends the petitioner has failed to state a claim. The undersigned agrees.

In prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits he is entitled to certain due process protections. *See Wolff v. McDonnell,* 418 U.S. 539, 564 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not

5

inconsistent with institutional safety and correctional concerns, and a written decision. *Wolff,* 418 U.S. at 564-571. Furthermore, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill,* 472 U.S. 445, 455 (1985).

Here, the petitioner ,who was sanctioned with the loss of GCT, was given advance written notice of the charges more than twenty-four hours before the DHO hearing. (Dkt. # 12 - Return Ex. # 3.) The petitioner was offered the opportunity to present evidence in the form of documents or witnesses, and to have the assistance of a staff representative. (*Id*. Ex. # 6.) Although the petitioner declined to utilize a staff representative, he did choose to call an inmate as a witness and the witness appeared at the hearing. (*Id.* Ex. # 4). The record of the hearing reflects that the petitioner appeared at the hearing and gave a statement. (*Id*. Ex. # 6.) The petitioner received all the process due required by *Wolf* in his disciplinary proceeding and the petitioner does not dispute this.

The petitioner, however, claims that he is entitled to habeas relief because staff failed to issue a disciplinary charge within twenty-four hours of becoming aware of his threat towards another inmate in violation of BOP rules. The petitioner also argues that the investigation was conducted and report was written by the same individual, Jones, which is prohibited by BOP regulations. While it is true that BOP policy states an inmate should be charged within twenty-four hours of the incident and prohibits an investigating officer from being the same employee reporting the incident, *See* PS 5270.07, Inmate Discipline and Special Housing Units and 28 C.F.R. § 541.2(a), the petitioner possessed no

6

constitutional due process right to receive the incident report within a certain period of time after the alleged incident or to have a different person investigate and report an incident.

Violations of BOP regulations do not equate to a violation of due process. *See Irvin v. Federal Bureau of Prisons*, 2009 WL 1811245 (D.S.C. 2009)(citing *Flanagan v. Shively*, 783 F.Supp. 922, 931 (M.D.Pa.1992) ("The Constitution does not require strict adherence to administrative regulations and guidelines.")) The Constitution only requires compliance with minimal federal due process standards. *Id*. The Supreme Court in *Wolff* did not set any specific time limit for the reporting hearing. *See Wolff v. McDonnell*, 418 U.S. at 563-576 (noting that due process requirements are satisfied where a prisoner is given advance written notice of the charges, the right to participate in the hearing and call witnesses, and provided with a written statement setting out the decision and the reasons therefore). As stated above, in this case, it is undisputed that the petitioner received all of the due process safeguards delineated in *Wolff*.

The petitioner also argues that the evidence was insufficient to support his conviction and he is innocent of the charge. However, despite the petitioner's claims of innocence and his firmly held belief that the DHO reached the wrong conclusion, there was sufficient evidence to support the petitioner's disciplinary conviction.

The "some evidence" standard is a lenient one, requiring no more than "a modicum of evidence," and is met if there is any evidence in the record that could support the board's decision. *Hill*, 472 U.S. at 455-56. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the

credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. *Hill*, 472 U.S. at 455-56.

Reviewing the record, the undersigned finds that there was "some evidence" to support the DHO's decision. The DHO relied upon the staff member's written report of the incident and the petitioner's statement that Inmate Snipes was the one who set him up. (Dkt. # 12- Return Ex. # 6.) The DHO explained that she considered the petitioner's statements as further evidence that he committed the prohibited act. (*Id.*) It is not the court's prerogative to make an independent assessment of the credibility of the witnesses or weigh the evidence. There is some evidence to support the DHO's decision and, therefore, the decision must be upheld.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 13) be GRANTED.

IT IS SO RECOMMENDED.

*Bruce H. Hendricks*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

September 15, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).