UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Zantwan D. Worthy, | ) | C/A No.: 8:09-230-GRA |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Darlene Drew, Warden, FCI-Bennettsville, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court to review Magistrate Judge Hendricks' Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., filed September 15, 2009. For the reasons stated herein, this Court adopts the Recommendation in its entirety.

On January 30, 2009, Petitioner filed a *pro se* complaint under § 2241. Respondent filed a return and answer to the complaint on May 4, 2009. Additionally, on May 4, 2009, Respondent filed a motion to deny habeas. The magistrate, construing the documents together as a motion for summary judgment[1], now recommends granting Respondent's motion because Petitioner received all the due process protections required by law.

---

[1]In Respondent's motion, Respondent argued that Petitioner failed to state a claim upon which relief can be granted. Additionally, Respondent included matters outside the pleadings for the court's consideration. Therefore, the magistrate was correct in construing the documents together as a motion for summary judgment.

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner did not file any objections.

After a thorough review of the Report and Recommendation, this Court finds that it applies sound legal principles to the facts of this case. Therefore, this Court adopts it in its entirety.

IT IS THEREFORE ORDERED THAT the Respondent's motion is GRANTED.

**IT IS SO ORDERED**.

_____
G. Ross Anderson, Jr.
Senior United States District Judge

Anderson, South Carolina
October  8 , 2009

## **NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**